

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Martin W. Hoover, Jr., Esq.
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to

MAY 25 2005

Case No.:  99-4038
Decision No.:  2005-D41

**CERTIFIED MAIL**

Ms. Joanne B. Erde
Duane Morris LLP
200 South Biscayne Blvd.
Suite 3400
Miami, FL  33131

RE:  St. Rita's Medical Center
     Provider No.:  36-0066
     FYE - 12/31/1994

Dear Ms. Erde:

A copy of the Provider Reimbursement Review Board's decision on the above-referenced appeal is enclosed.  Please see enclosure for review and appeal information.

If you have any questions, please call (410) 786-2671.

Sincerely,

Paul J. Crofton, Director
Division of Hearings and Decisions

5 Enclosures
    Final Decision Review and Appeal Information
    Decision
    42 USC 1395oo(f)
    42 CFR 405.1875 and 405.1877





# PROVIDER REIMBURSEMENT REVIEW BOARD
## DECISION
ON THE RECORD
2005-D41

| | |
|---|---|
| **PROVIDER -** <br> St. Rita's Medical Center <br> Lima, Ohio | **DATE OF HEARING -** <br> April 6, 2005 |
| Provider No.: 36-0066 | Cost Reporting Period Ended - <br> December 31, 1994 |
| vs. | |
| **INTERMEDIARY -** <br> Blue Cross Blue Shield Association/ <br> AdminaStar Federal Ohio | **CASE NO. :** 99-4038 |

### INDEX

| | Page No |
|---|---|
| Issue | 2 |
| Medicare Statutory and Regulatory Background | 2 |
| Statement of the Case and Procedural History | 2 |
| Findings of Fact, Conclusions of Law and Discussion | 3 |
| Decision and Order | 3 |

Page 2                                                                    CN.: 99-4038

ISSUE:

Whether for purposes of the Provider's disproportionate share (DSH) calculation, the
Provider is entitled to an increased number of days of care rendered to eligible Medicaid
beneficiaries.

MEDICARE STATUTORY AND REGULATORY BACKGROUND:

This is a dispute over the amount of Medicare reimbursement due a provider of medical
services.

The Medicare program was established to provide health insurance to the aged and
disabled. 42 U.S.C. §§1395-1395cc. The Centers for Medicare and Medicaid Services
(CMS), formerly the Health Care Financing Administration (HCFA), is the operating
component of the Department of Health and Human Services (DHHS) charged with
administering the Medicare program. CMS' payment and audit functions under the
Medicare program are contracted out to insurance companies known as fiscal
intermediaries. Fiscal intermediaries determine payment amounts due the providers
under Medicare law and under interpretive guidelines published by CMS. See 42 U.S C
§1395(h); 42 C.F.R. §§413.20(b) and 413.24(b)

At the close of its fiscal year, a provider must submit a cost report to the fiscal
intermediary showing the costs it incurred during the fiscal year and the proportion of
those costs to be allocated to Medicare. 42 C.F.R. §413.20. The fiscal intermediary
reviews the cost report, determines the total amount of Medicare reimbursement due the
provider and issues the provider a Notice of Program Reimbursement (NPR). 42 C.F.R.
§405.1803. A provider dissatisfied with the intermediary's final determination of total
reimbursement may file an appeal with the Provider Reimbursement Review Board
(Board or PRRB) within 180 days of the issuance of the NPR. 42 U.S.C. §1395oo(a); 42
C.F.R. §405.1835.

STATEMENT OF THE CASE AND PROCEDURAL HISTORY:

St Rita's Medical Center (Provider) is a short-term acute care general hospital located in
Lima, Ohio. On September 18, 1996 AdminaStar Federal Ohio (Intermediary) issued to
the Provider an original Notice of Program Reimbursement (NPR) for the fiscal year
ended (FYE) December 31, 1994. On April 16, 1999, the Intermediary issued a revised
NPR. On September 22, 1999, the Provider filed an appeal from this revised NPR
claiming that Medicaid eligible unpaid patient days as well as paid days were not
properly included in the disproportionate share hospital adjustment (DSH) calculation.
The parties submitted jurisdictional briefs, and on September 10, 2004, the majority of
the Board found that the Board has jurisdiction over the Medicaid eligible days issue.

Upon the issuance of the Board's September 10, 2004 jurisdictional decision, the
remaining disputed issue before the Board was determining the correct number of eligible
days that the Provider was entitled to include in its DSH calculation. The Provider

Page 3                                                        CN.: 99-4038

submitted additional documentation to the Intermediary to support an increase in the number of eligible days. The Intermediary audited the additional documentation and concluded that the Provider's documentation supported 653 net additional eligible days for the DSH payment, for a total of 10,097 days. On February 28, 2004, the parties executed a written stipulation that the correct number of Medicaid eligible days for the Provider's DSH calculation is 10,097.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND DISCUSSION:

The Board hereby finds that the correct number of Medicaid eligible days for purposes of the DSH calculation is 10,097. The Board bases its decision upon the parties' February 28, 2004 stipulation.

DECISION AND ORDER:

The Board finds that the correct number of Medicaid eligible days for purposes of the DSH calculation is 10,097.

BOARD MEMBERS PARTICIPATING:

Suzanne Cochran, Esquire
Gary B. Blodgett, D.D.S.
Martin W. Hoover, Jr., Esquire
Elaine Crews Powell, C.P.A. (dissenting as to jurisdiction)
Anjali Mulchandani-West

FOR THE BOARD:

MAY 2 5 2005

Suzanne Cochran
Chairperson