DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop C3-01-20
Baltimore, Maryland 21244-1850
Telephone 410-786-3176 Facsimile 410-786-0043



CENTERS for MEDICARE & MEDICAID SERVICES

Office of the Attorney Advisor

JUL 29 2005

**VIA CERTIFIED MAIL**

Ms. Joanne B. Erde, Esquire
Duane Morris LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131

Re: <u>St. Rita's Medical Center</u>, PRRB No. 2005-D41

Dear Ms. Erde:

Enclosed is a copy of the Administrator's decision in the above case vacating the decision of the Provider Reimbursement Review Board. This constitutes the final administrative decision of the Secretary of the Health and Human Services. Pursuant to Section 1878(f) of the Social Security Act and 42 CFR 405.1877, the Provider may obtain judicial review by filing a civil action within 60 days of receipt of this decision.

Sincerely yours,

Jacqueline R. Vaughn
Attorney Advisor

Enclosure

cc: Bernard M. Talbert, Esquire, Intermediary's Representative



DATE RECEIVED
8/4/05

# CENTERS FOR MEDICARE & MEDICAID SERVICES

## Decision of the Administrator

| | |
|---|---|
| IN THE CASE OF: | CLAIM FOR: |
| St. Rita's Medical Center | Medicare Reimbursement |
| | Fiscal Years Ending: 12/31/94 |
| Provider | |
| vs. | REVIEW OF: |
| Blue Cross and Blue Shield Assn./ | PRRB Dec. No. 2005-D41 |
| AdminaStar Federal – Ohio | Dated: May 25, 2005 |
| Intermediary | |

This case is before the Administrator, Centers for Medicare & Medicaid Services (CMS), for review of the Provider Reimbursement Review Board (Board) decision. The review is during the sixty-day period mandated in §1878(f)(1) of the Social Security Act (Act) [42 USC 1395oo(f)(1)], as amended. Comments were received from the Intermediary, requesting dismissal of the case for lack of jurisdiction. The parties were then notified of the Administrator's intention to review the Board's decision. The Provider submitted comments requesting affirmation of the Board's decision. Accordingly, the Board decision is now before the Administrator for final administrative review.

ISSUE AND BOARD DECISION

The issue is whether the Board properly accepted jurisdiction of the Provider's request for a hearing on the issue of whether it was entitled to additional disproportionate share (DSH) reimbursement for inpatient hospital days for which patients were eligible for Medicaid but not paid for by Medicaid (Medicaid-unpaid days).

The Majority of the Board found that it properly had jurisdiction over the issue. The Majority stated that, upon issuance of its jurisdictional decision, the remaining issue to be resolved was determining the correct number of eligible days that the

Provider was entitled to include in its DSH calculation. The Majority noted that the Provider advanced documentation to the Intermediary, and eventually the parties entered into a stipulation that the correct number of Medicaid eligible days for the Provider's DSH calculation was 10,097. The Majority agreed with the stipulation. One Board member dissented without opinion.

## SUMMARIES OF COMMENTS

The Intermediary requested that the Administrator vacate the Board's decision and dismiss the Provider's appeal for lack of jurisdiction. The Intermediary stated that it had agreed to the number of additional inpatient hospital days for which patients were eligible for Medicaid and for which were paid by Medicaid (Medicaid-paid days) because this was the only way to obtain a final, appealable decision regarding jurisdiction under 42 CFR 405.1875. The Intermediary observed that the revised notice of program reimbursement (NPR) in this case was issued in direct response to the Provider's reopening request which argued for an increased number of Medicaid-paid days in the DSH payment. The revised NPR gave the Provider what it requested in its reopening action. The Intermediary pointed out that it is well-settled in Medicare law that a revised NPR can only be appealed for the specific issue(s) addressed in the revised NPR. This principle is supported by the U.S. Court of Appeals in French Hospital Medical Center v. Shalala.[1] Thus, the Board's broad application of the issue-specific rule to the category of DSH reimbursement is not supportable. The "issue" is the specific issue covered by the revised NPR, not all elements of DSH reimbursement.

In rebuttal to the Intermediary's comments, the Provider argued that its appeal from the revised NPR was based on the specific issue addressed in the NPR, i.e., the number of days of care rendered to Medicaid eligible beneficiaries included in the Medicaid percentage of the Provider's DSH calculation, consistent with §405.1889. The Provider maintained that there is no distinction in the DSH statute at §1886(d)(5)(F)(vi)(II) of the Act and in the governing regulations at §412.106(b)(4) between Medicaid-paid and Medicaid-unpaid days for DSH purposes. The courts have also uniformly concluded that it is irrelevant whether the eligible days were paid by Medicaid or not. The Provider stated that French had nothing to do with the DSH calculation, and that the Intermediary cited no case law which is on point.

Moreover, the Provider acknowledged that the Intermediary correctly observed that the Provider's reopening request did not include a request for an increase in its Medicaid-unpaid days. However, the reason for this omission was because, at the time of the reopening request, the Intermediary would not have granted a reopening

---

[1] 89 F.3d 1411 (9th Cir. 1996), 841 F. Supp. 1468 (N.D. Cal. 1993).

3

for Medicaid-unpaid days. The Provider maintained that HCFAR 97-2 prohibited such reopenings for NPRs settled prior to February 27, 1997. This preclusion lasted until Monmouth Medical Center v. Thompson in 2001.[2] The Provider observed that the law does not require one to engage in acts that are futile.[3] Thus, although it might be true that the Provider received what it requested, its request was necessarily limited. Finally, the Provider argued that the Intermediary's characterization of the bases upon which the Administrator could affirm the Board's decision is false and incorrect.

## DISCUSSION

The entire record furnished by the Board has been examined, including all correspondence, position papers, exhibits, and subsequent submissions. All comments timely received have been considered and included in the record.

In this case, the Provider requested that the Intermediary reopen the FY 1994 cost report by letter dated November 30, 1998.[4] Concerning the DSH calculation, the Provider's request included the following:

> Exhibit 3.1 is a schedule that determines the correct DSH amount to be included on W/S E Part A. This correction is needed as the final Medicaid cost report, exhibit 3.2, shows Medicaid days to be 9,444. Additionally, HMO and Out of State Medicaid days on exhibit 3.3 should be included in the corrected DSH amount. The settled DSH amount included only 8410 days in error. Please revise DSH to the amount on exhibit 3.1.[5]

The Provider's Position Paper includes the statement that it requested the reopening "to address its DSH payment, and, specifically, to increase the number of days of care rendered to eligible Medicaid beneficiaries ("eligible Medicaid days") for

---

[2] 257 F.3d 807, 812 (D.C. Cir. 2001).

[3] The Provider cited to In Re: Medicare Reimbursement Litigation, U.S. District Ct. for the District of Columbia, No. 03-0090 (PLF), Mar. 26, 2004, and Bethesda Hospital Assn. V. Bowen, 485 U.S. 399, 400-01 (1988).

[4] See Provider Jurisdictional Brief, Exhibit No. 1.

[5] Id.

which payment was made for purposes of the DSH payment."[6] In response to the Provider's reopening request, the Intermediary issued a revised NPR on April 16, 1999, which adjusted the Provider's DSH payment "to recalculate the [DSH] including additional paid days and out of state days."[7] On September 22, 1999, the Provider filed an appeal from the revised NPR, requesting additional DSH reimbursement for "Medicaid 'eligible' patient days."[8] The Intermediary agreed that the correct total number of eligible Medicaid days for the DSH calculation should be increased to 10,097.[9]

Under §1886(d)(5)(F)(vi)(II) of the Act, calculation of the DSH payment requires the summing of two fractions. The numerator of one of these fractions requires the number of inpatient days of patients who "were eligible for medical assistance under a State plan." The implementing regulation was promulgated at §412.106, and in the final rule issuing the regulation, the Secretary explained that the "eligibility" language in the Act was meant by Congress to include only those days for which Medicaid benefits were payable.[10]

The Administrator, after reviewing the record and the relevant law, regulations, and governing criteria, believes that the Board acted improperly in accepting jurisdiction over the Provider's 1994 cost report. The effect of a revised NPR on a provider's right to a Board hearing is addressed in 42 CFR 405.1889. This regulation provides that "such revision shall be considered a separate and distinct determination" for purposes of appeal. CMS has explained the meaning of "separate and distinct determination" in §2932B of the Provider Reimbursement Manual. This section refers to a revised NPR as a "separate and distinct determination" which gives a right to a hearing on the matters corrected by such determination. Thus, a revised NPR does not reopen the entire cost report to appeal. It merely reopens those matters adjusted by the revised NPR.

---

[6] See Provider's Proposed Jurisdictional Decision and Provider's request for reopening.

[7] See Stipulation Exhibit 4.

[8] See Stipulation Exhibit 5.

[9] See Stipulation Exhibit 7.

[10] See 51 Fed. Reg. 31,454, 31460 (Sep. 3, 1986). As noted by the parties, this interpretation has been rejected by various courts, which led to the Secretary's issuance of HCFAR 97-2.

6

## DECISION

Accordingly, the Administrator vacates the Provider Reimbursement Review Board decision. The Provider's request for a hearing before the Board is dismissed.

THIS CONSTITUTES THE FINAL ADMINISTRATIVE DECISION OF
THE SECRETARY OF HEALTH AND HUMAN SERVICES.

Date: 7/25/05

Leslie V. Norwalk, Esq.
Deputy Administrator
Centers for Medicare & Medicaid Services